**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jerry Quarles, Jr.,** | : | **Case No.  2:17-cv-245** |
| | : | |
| **Plaintiff,** | : | **Judge George C. Smith** |
| **v.** | | **Magistrate Judge Jolson** |
| | : | |
| | : | **STIPULATED PROTECTIVE** |
| **Ryan Huffman, et al.,** | : | **ORDER** |
| | : | |
| **Defendants.** | : | |
| | : | |

This stipulated protected order covers all documents and information, including but not limited to, medical records, including psychological and psychiatric records of Jerry Quarles Jr., which have been or will be produced or obtained in discovery in this case and that are designated and marked "CONFIDENTIAL" by the producing party (hereinafter "Confidential Documents"). Such records shall be subject to discovery between and among the parties but shall otherwise be kept confidential.

These Confidential Documents shall be held strictly confidential by counsel for each party and may only be disclosed to and used only by counsel of record for each party, other attorneys within such counsel's office and such counsel's support staff, the parties, the parties' insurance carriers, an outside consultant or expert witnesses who need access to the material and who are provided this Protective Order and agree to be bound by it, the Court, and its support staff, and any other person as ordered by the Court.  If the need arises to disclose Confidential Documents or the information contained therein to any individual not listed in this Paragraph, counsel for the parties shall work to reach an agreement regarding such additional disclosure.  In the event that an agreement is not reached, the party objecting to the disclosure of the Confidential Documents, or the information contained therein, may seek a ruling regarding

whether the information may be disclosed to the additional person(s).  None of the documents covered by this protective order may be disclosed to any other person, or member of the public. If any document subject to this protective order is produced, copied, used in a deposition, or at trial, it shall be marked prominently with the word "CONFIDENTIAL."

Any "CONFIDENTIAL" designation is subject to challenge by any party or non-party with standing to object.  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the "CONFIDENTIAL" designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

In the event that parties or their attorneys decide to use Confidential Documents or information contained therein in any deposition in this litigation, the portions of the deposition testimony that include confidential information and any Confidential Documents offered as deposition exhibits shall be noted as "CONFIDENTIAL" on the deposition record, and any Confidential Documents shall not be disclosed to any other person, other than those to whom disclosure is permitted pursuant to this Order without prior leave of Court or agreement of Counsel.  Counsel using the Confidential Documents or confidential information during a deposition shall obtain an Acknowledgement on the record from the deponent that he or she will not disclose to any other person Confidential Documents or confidential information and the deponent shall thereafter be bound to keep any such information confidential. Before a party files any document subject to this order or deposition transcript that contains Confidential Document or confidential information or uses either at trial, the party shall either move to file the document "under seal" with prior permission of the Court, or give seven days' notice to all other parties of

their intent to file the document so another party may file a motion to seal the document, if the party so chooses.

**INADVERTENT DISCLOSURE:** In the event a person inadvertently discloses a Confidential Document(s) or confidential information therein to a person not authorized to receive such disclosure, whether in a pleading, filing, hearing, trial, deposition, or other proceeding in this action, the party responsible for having made such disclosure shall immediately procure the return of the material from the receiving party, or, if on file with the Court, immediately seek return of the material, or, if on file with the Court, immediately move to withdraw the material and seek leave of the Court to re-file under seal pursuant to this Order. Alternatively, the party may move to have the Confidential Documents(s) sealed. The party responsible for having made such disclosure must inform all counsel of record of all relevant information concerning the nature and circumstances of such disclosure, and shall promptly take reasonable measures to ensure that no further or greater unauthorized disclosure of the Confidential Document(s) occurs.

**MISCELLANEOUS PROVISIONS:** This Stipulated Protective Order shall not be deemed to be a waiver of any parties' right to object to any discovery or subpoena requests on any ground, or to disclosing or producing material based on proper objections; or any party's right to seek an order compelling discovery with respect to any discovery request. The parties reserve all rights to apply to the Court for any order modifying this Order or seeking further protection against discovery or other use of Confidential Document(s).

This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing,

upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

At the conclusion of the litigation, and upon the request of counsel for the producing party made no later than sixty (60) days after the conclusion of the litigation, all written materials, including copies made thereof, subject to this protective order shall be returned to counsel who produced the materials.

IT IS SO ORDERED.

Date:  July 12, 2017

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE


Agreed to by:

s/ Adam G. Gerhardstein
Alphonse A. Gerhardstein (0032053)
Adam G. Gerhardstein (0091738)
Attorney for Plaintiffs
Gerhardstein & Branch, Co LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
(513) 621-9100
Fax (513) 345-5543
agerhardstein@gbfirm.com
adamgerhardstein@gbfirm.com
*Counsel for Plaintiff*

s/ Mark Baserman
By: Mark W. Baserman, Sr., Esq.
Ohio Attorney Regis # 0011387
45 South Monroe Street
Millersburg, OH 44654
Telephone: (330) 674-4300
Fax: (330) 674-4818
E-Mail: mwb1953@me.com
*Attorney for Defendant*
*Sergeant Roy Kampmeier*

s/ Bridget Coontz
HEATHER L. BUCHANAN (0083032)
Senior Assistant Attorney General
BRIDGET C. COONTZ (0072919)
Principal Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
heather.buchanan@ohioattorneygeneral.gov
bridget.coontz@ohioattorneygeneral.gov

*Counsel for Defendants Sgt. Ryan Huffman,*
*Lt. Josh Staats, and Sgt. Greg Nohe*