# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JERRY QUARLES, JR.,**

      **Plaintiffs,**

  v.                                                  **Civil Action 2:17-cv-245**
                                                        **Judge George C. Smith**
                                                        **Magistrate Judge Jolson**

**RYAN HUFFMAN, et al.,**

      **Defendants.**

## ORDER

This matter is before the Court on Defendant Detective Sergeant Ryan Huffman's Motion to Re-file Exhibits Under Seal. (Doc. 46). On March 1, 2018, Defendant filed a Motion to Dismiss and/or Alternatively for Summary Judgment and Judgment on the Pleadings, along with Exhibits 1-7 in support of his Motion. (Doc. 45). Defendant states the exhibits "were inadvertently filed without seeking leave of this Court to file these exhibits under seal," which is why he now seeks to re-file. (Doc. 46 at 1). For the reasons that follow, that Motion is **DENIED without prejudice**.

## I.    STANDARD

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court

record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

## II. DISCUSSION

The Sixth Circuit's recent decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* provides guidance for Defendant's Motion to Re-file Exhibits Under Seal. There, "[n]umerous court filings," including Plaintiffs' amended complaint, the motion for class certification, and 194 exhibits, were filed under seal. *Graiser v. Visionworks of Am., Inc.*, No. 1:15-CV-2306, 2016 WL 3597718, at *1 (N.D. Ohio July 5, 2016). The sole justification was that the filings "contained materials designated as confidential under [a joint] protective order." *Id.*; *see Shane*, 825 F.3d 299 at 306. The Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Id.*

Here, Defendant seeks leave to re-file seven exhibits under seal, which include affidavits, a declaration, Plaintiff's 26(a) disclosures and discovery responses, an email, and medical records. (Docs. 45-1–45-7). In support of the Motion, Defendant states only that the exhibits

were designated as "Confidential" pursuant to a Protective Order, and that "they contain information that is of a private and sensitive nature." (Doc. 46 at 1).

As was the case in *Shane*, this explanation is similarly "brief" and "perfunctory," and thus does not meet the heavy burden to justify sealing an entire set of documents at the adjudication stage. *Shane*, 825 F.3d at 306. The *Shane* Court also emphasized that, "[i]n delineating the injury to be prevented, specificity is essential." *Id.* at 307-08 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). Defendant's explanation, based only on the general assertion that the exhibits were designated pursuant to a protective order and are sensitive in nature, does not "demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Id.* at 308; *see Blasi v. United Debt Servs., LLC*, No. 2:14-CV-83, 2016 WL 3765539, at *1 (S.D. Ohio July 14, 2016) (applying *Shane* to reach a similar conclusion); *Graiser*, 2016 WL 3597718, at *2 (N.D. Ohio July 5, 2016) (same).

Defendant's Motion for Leave to File Under Seal (Doc. 231) is therefore **DENIED without prejudice to re-filing**. Defendant may re-file a more detailed and narrowly-tailored motion to seal. *See Blasi*, 2016 WL 3765539, at *1 (noting that a proper motion to seal must "demonstrate[] a compelling reason for filing under seal, . . . must be narrowly tailored to serve that reason," and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations").

IT IS SO ORDERED.

Date: March 5, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE