# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JERRY QUARLES, JR.,**

    **Plaintiff,**

    v.                              Case No. 2:17-cv-245
                                      JUDGE GEORGE C. SMITH
                                      Magistrate Judge Jolson

**SERGEANT RYAN HUFFMAN,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon the Motion for Judgment on the Pleadings of Defendants Lt. Joshua Staats and Cpt. Ronald Nohe ("Staats's and Nohe's Motion") (Doc. 44) and the Motion to Dismiss, or, in the alternative, for Summary Judgment and Judgment on the Pleadings of Defendant Detective Sergeant Ryan Huffman ("Huffman's Motion") (Doc. 45). Plaintiff Jerry Quarles, Jr. has not filed a response in opposition to either motion and the time to do so has now closed. For the following reasons, Staats's and Nohe's Motion is **GRANTED** and Huffman's Motion is **GRANTED IN PART** and **DENIED IN PART**.

                    **I.    FACTUAL BACKGROUND**

Quarles initiated this action under 42 U.S.C. § 1983 on March 25, 2017, against six Defendants—Sgt. Ryan Huffman, Lt. Josh Staats, Sgt. Ronald Nohe, Sgt. Roy Kampmeier,[1] and John Doe 1 and 2—alleging they used excessive force against him when the Major Crimes Task Force raided a home on March 26, 2015. (Doc. 1, Compl.). More specifically, Quarles alleges

---

[1] Kampmeier was voluntarily dismissed as a defendant following settlement with Quarles. (Doc. 25).

that despite the fact that he was unarmed, not resisting, and not fleeing, Defendant Huffman tackled him through a second-floor window, and once on the ground, he was kicked, his hand was stomped on and fractured, and two teeth were broken by "Defendants [] other than Huffman." (*Id.* ¶ 16). Quarles alleges that Defendant John Doe 2 then made a derogatory comment and "commenced with an immediate and unnecessary body cavity search in plain view of persons present in the yard" and that "[t]he other defendants did not protect Mr. Quarles from the illegal search." (*Id.* ¶ 17). Quarles also notes that he is black, and that Defendants did not use force against the other white individuals present at the residence when the search warrant was executed. (*Id.* ¶¶ 10, 14).

Quarles's Complaint asserts a single count under 42 U.S.C. § 1983, alleging that "Defendants" violated his Fourth and Fourteenth Amendment rights, including his right to be free of unreasonable searches and seizures, the right to be free of the use of excessive force, and the right to equal protection under the law. (*Id.* ¶ 22).

## II. PROCEDURAL HISTORY

At the time the Complaint was filed, Quarles was represented by counsel; however, the Court granted Quarles's counsel's motion to withdraw on October 20, 2017. (Doc. 22). On December 7, 2017, Quarles elected via letter to the Court to proceed with the case *pro se*. (Doc. 29). In the same letter, Quarles explained that he was incarcerated in the Washington County Jail and requested a "continuance" until he was to be released on January 2, 2018. (*Id.*). The Court construed Quarles request for a continuance as a motion for extension of the discovery and dispositive motion deadlines set forth in the Court's previous scheduling order, and, on December 8, 2017, extended the discovery deadline to February 1, 2018, and the dispositive motion deadline to March 1, 2018. (Doc. 32).

In this same order, the Court reminded Quarles that although he was proceeding *pro se*, he was still expected to comply with the Court's deadlines, and that failure to do so could result in dismissal of the action for failure to prosecute. (*Id.*) The Court further expressly directed Quarles to update the Court on his new address following his release from Washington County Jail. (*Id.*).

On December 20, 2017, Quarles filed a motion to amend the Complaint to name the two John Doe defendants, whom Quarles had identified from police reports provided by Defendants in discovery. (Doc. 35). However, the Court denied the motion to amend because Quarles had received the police reports on August 11, 2017, and the amendment deadline had passed on September 1, 2017 (when Quarles was still represented by counsel). (Doc. 40 at 3–4).

Quarles has not filed any documents or otherwise contacted the Court or Defendants' counsel since his motion to amend his Complaint on December 20, 2017. Nor has Quarles submitted an updated address to the Court, and mailings to Quarles at the Washington County Jail have been returned as undeliverable since December 29, 2017. Notably, the Court's December 8, 2017 Order extending the case schedule, reminding Quarles of his obligation to comply with deadlines, and directing him to update the Court with his new address upon release was *not* returned as undeliverable.

An affidavit submitted by Huffman avers that he viewed Quarles's recent custodial history through the Ohio Department of Rehabilitation and Correction website, which indicates that Quarles was released from Washington County Jail on December 18, 2017; was transferred to the Correctional Reception Center in Orient, Ohio that same day; was transferred to Noble Correctional Institution on February 5, 2018; and was released from Noble Correctional

Institution on February 12, 2018. (Doc. 45-9, ¶ 14). It does not appear from the Ohio Department of Rehabilitation and Correction website that Quarles is currently in custody. (*Id.*).

When filing the present Motions, Defendants served copies of the Motions via first class mail at an address that Quarles provided in discovery. (Docs. 44–45, Certificates of Service). Quarles indicated he had lived at this address prior to his incarceration. The Court also forwarded copies of all previously returned mailings to Quarles at this address, and these mailings were not returned as undeliverable. Nevertheless, Quarles has not submitted any opposition to Defendants' Motions or updated the Court with his current address.

### III. DISCUSSION

Staats's and Nohe's Motion, as well as a portion of Huffman's Motion, seek judgment on the pleadings on Quarles's § 1983 claim. The Court will first evaluate these arguments and then turn to Huffman's remaining arguments.

**A. Judgment on the Pleadings**

**1. Standard of review**

Defendants bring their motions pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

### 2. Staats's and Nohe's motion for judgment on the pleadings

Staats and Nohe argue that they are entitled to judgment on the pleadings because Quarles has not alleged that either of them specifically did anything during the raid, outside of allegations directed generically to "Defendants." The Court agrees that Quarles's claims against Staats and Nohe must be dismissed.

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that

demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Nor do allegations that an individual defendant "was present and perhaps involved in [the plaintiff's] restraint," without allegations as to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684.

Quarles's allegations against Staats and Nohe lack sufficient particularity to state a viable claim under § 1983. The only factual allegations that might encompass Staats or Nohe are as follows:

- "Defendants, other than Huffman, immediately confronted Mr. Quarles outside in the yard and kicked Mr. Quarles and stomped on his hand, fracturing it. Two teeth were broken when they kicked him in the head." (Doc. 1, Compl. ¶ 16)

- "The other defendants did not protect Mr. Quarles from the illegal [body cavity] search [conducted by Defendant John Doe 2]." (*Id.* ¶ 17).

These are precisely the kind of categorical references to "Defendants" that the Sixth Circuit has rejected in the context of alleged constitutional violations by government actors. And as the Court already denied Quarles's previous request to amend the Complaint, he will not be afforded an opportunity to add more specific allegations against Staats and Nohe at this time. Quarles's claims against Staats and Nohe are therefore dismissed.

### 3.     Huffman's motion for judgment on the pleadings

Huffman seeks judgment on the pleadings to the extent Quarles asserts that Huffman violated Quarles's Fourteenth Amendment right to equal protection on the basis of race. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class."

6

*LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1111 (6th Cir. 1995) (quoting *Henry v. Metropolitan Sewer Dist.,* 922 F.2d 332, 341 (6th Cir.1990)). That is, § 1983 plaintiffs claiming racial discrimination must allege that their rights were violated *because* of their race. *Id.* at 1112.

Huffman points out that Quarles's allegations on this issue are threadbare; he asserts only that

- "At the time [of the raid], Mr. Quarles was in an upstairs bedroom with Courtney Lamp and Chris Walker Jr. Mr. Quarles is Black. Lamp and Walker are white." (Doc. 1, Compl. ¶ 10).

- "Defendant Huffman tackled Mr. Quarles and pushed him through the glass window, causing him to fall to the ground from the second-floor window." (*Id.* ¶ 13).

- "Defendant Huffman did not use any force on Lamp or Walker." (*Id.* ¶ 14).

Otherwise, Quarles's allegations regarding racial discrimination are attributed generically to "Defendants," which, as explained *supra*, do not suffice to allege racial discrimination against Huffman individually. (*Id.* ¶ 22).

While the Complaint alleges that Huffman used excessive force on Quarles, who is black, and did not use force on Lamp and Walker, who are white, Quarles does not actually allege that Huffman used force against him because of his race. As a result, his claim for racial discrimination under § 1983 must be dismissed. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011) (plaintiff's mere allegations she is a woman and her company is a woman-owned business did not make out a claim for gender-based discrimination under § 1983).

**B.     Huffman's motion to dismiss for failure to prosecute**

As to Quarles's claims that Huffman violated his Fourth Amendment rights by using excessive force, Huffman asks the Court to dismiss this claim both substantively (on summary

7

judgment) and procedurally (for failure to prosecute). The Court opts to consider Huffman's procedural arguments first.

In determining whether dismissal for failure to prosecute under Rule 41(b) is appropriate, the Court considers the following factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

Huffman argues that Quarles has demonstrated willfulness by failing to notify the Court of his current address, and the Court is inclined to agree. *See*, *e.g.*, *White v. Kasich*, No. 2:12-CV-1125, 2013 WL 2417974, at *2 (S.D. Ohio June 3, 2013) (Deavers, M.J.), *report and recommendation adopted*, 2013 WL 3305659 (S.D. Ohio July 1, 2013) (Smith, J.) ("Plaintiff's failure to update his address demonstrates reckless disregard for how his actions, or lack of action, impact his case."); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

However, the remaining factors counsel against involuntary dismissal at this juncture. Huffman argues that Quarles's failure to conduct discovery "precludes the case from moving forward" and is "presumed to prejudice" Huffman. (Doc. 45, Huffman's Mot. at 7) (citing *White*, 2013 WL 2417974 at *2). But an opponent's failure to *respond* to discovery prejudices the movant, not the opponent's failure to seek his own discovery from the movant. In *White*, the court deferred setting a case schedule that permitted the parties to begin discovery due to the plaintiff's failure to notify the court of his current address, such that the defendants were unable

to conduct their own discovery. Here, Quarles responded to Huffman's discovery requests, and Huffman uses those responses to support his motion for summary judgment. Thus, Huffman has not shown that he has been prejudiced in his ability to conduct discovery, and the fact that Quarles has not conducted his own discovery can only be to Huffman's benefit.

Further, Quarles has not yet been sufficiently warned that his failure to cooperate could lead to dismissal. The Court's December 8, 2017 Order extended the discovery and dispositive motion deadlines, and advised Quarles that "failure to comply with *these case deadlines* may result in the undersigned recommending dismissal of this action for failure to prosecute." (Doc. 32 at 1) (emphasis added). While Quarles has apparently not conducted any discovery of his own and has not filed any dispositive motions, he was not required to do so. All that was required of him was, if he chose to conduct discovery or file a dispositive motion, to do so within the deadlines set by the Court. While he has not updated the Court with his current address or filed an opposition to Defendants' motions, Quarles was not previously warned that these particular failures may lead to dismissal. *Cf. White*, 2013 WL 2417974 at *2 (dismissal appropriate where *pro se* plaintiff had been warned twice before that failure to provide the court with an updated address would result in dismissal for failure to prosecute).

Finally, Huffman argues that although less drastic sanctions have not been issued prior to moving for dismissal, no other result is possible given that Quarles has not provided the Court with a current address. *White*, 2013 WL 2417974 at *2 ("There is no sanction the Court could impose that would reach Plaintiff because he has left this Court with no means of contacting him."). The Court acknowledges that Quarles has not notified the Court of his new address, but is hopeful that this Order may reach Quarles at his pre-incarceration address where these motions were served and not returned as undeliverable.

9

In sum, while dismissal is not appropriate at this point, the Court remains concerned that Quarles has effectively abandoned his claims by failing to provide an updated mailing address and failing to respond to dispositive motions. Quarles is therefore **ORDERED** to show cause why the Court should not dismiss this action for failure to prosecute. Quarles must file a brief no later than **June 29, 2018**, providing the Court with an updated address and justifying his failure to do so earlier. Quarles must also explain why he failed to timely respond to Defendants' dispositive motions. **Quarles's failure to show cause will result in dismissal of this action for failure to prosecute. No further warnings will be provided to Quarles regarding this matter.**

The Court **DENIES WITHOUT PREJUDICE** to renewal Huffman's motion for summary judgment as to Quarles's claim for excessive force. If Quarles does show sufficient cause to prevent dismissal of the action, Huffman may re-file his motion for summary judgment at that time.

## IV. CONCLUSION

For the foregoing reasons, Staats's and Nohe's Motion for Judgment on the Pleadings is **GRANTED**, and Huffman's Motion is **GRANTED IN PART** and **DENIED IN PART**. All claims against Staats and Nohe, and Quarles's claims against Huffman to the extent they rely on racial discrimination, are **DISMISSED**. Quarles is **ORDERED** to show cause why the remaining claims against Huffman should not be dismissed for failure to prosecute.

The Clerk shall remove Documents 44 and 45 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                           */s/ George C. Smith*
                                           **GEORGE C. SMITH, JUDGE**
                                           **UNITED STATES DISTRICT COURT**